| | |
|---|---|
| 1 | **SINNETT LAW, APC.** |
| 2 | Wayne A. Sinnett (SBN: 302987) |
| | ws@sinlegal.com |
| 3 | 444 West C Street, Suite 230 |
| | San Diego, CA 92101 |
| 4 | Tel: (619) 752-0703 |
| 5 | Fax: (619) 330-2120 |
| 6 | *Attorney for Plaintiff* |
| 7 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BRYSON KRATZ,** an individual, | **Case No.:** 2:16-CV-09370 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** |
| v. | **1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| **TRANS UNION, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX INFORMATION SERVICES, LLC.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress enacted the Fair Credit Reporting Act ("FCRA") to ensure fair and accurate credit reporting, promote efficiency, and protect consumers' privacy. "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.' 15 U.S.C. § 1681(a)(4). In addition, to ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).

2. Plaintiff, BRYSON KRATZ, ("Plaintiff") brings this lawsuit to challenge the actions of Defendants, TRANS UNION, LLC., ("TRANS UNION"), EQUIFAX INFORMATION SERVICES, LLC., ("EQUIFAX"), and EXPERIAN INFORMATION SOLUTIONS, INC., ("EXPERIAN") (collectively as "Defendants"), regarding Defendants' failure to maintain reasonable procedures to assure maximum possible accuracy of information contained in a consumer's credit report.

3. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by Plaintiff's attorney.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

6. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

7. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

8. At all times relevant, Plaintiff was an individual residing within the State of California.

9. Any correspondence from Defendants was sent to Plaintiff at an address located within the State of California.

## JURISDICTION AND VENUE

10. This action arises out of Defendants' violations of The Fair Credit Reporting Act ("FCRA") 15 § U.S.C. § 1681, *et seq*.

11. Jurisdiction of this Court therefore arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

12. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

13. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of Los Angeles, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

14. Plaintiff, BRYSON KRATZ, ("Plaintiff") is a natural person who resides in the City of Palos Verdes Estates, County of Los Angeles, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

15. Defendant, TRANS UNION, LLC., ("TRANS UNION") is a Delaware limited liability company.

16. TRANS UNION regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of

furnishing consumer reports and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

17. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("EXPERIAN") is a California corporation.

18. EXPERIAN regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

19. Defendant, EQUIFAX INFORMATION SERIVCES, LLC., ("EQUIFAX") is an Georgia limited liability company.

20. EQUIFAX regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

21. On or about May 28, 2016, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Central District of California in order to obtain a fresh start and rebuild his credit. Plaintiff's case was assigned Case Number 2:16-bk-17180-BR (the "Bankruptcy").

22. On September 6, 2016, Plaintiff was granted a Bankruptcy discharge.

23. Defendants received notice of the Bankruptcy. Further, Defendants each reported the Bankruptcy in their "Public Records" section of Plaintiff's credit reports and reflected the Bankruptcy status as discharged.

24. As a result of a major class action settlement, EXPERIAN, EQUIFAX, and TRANS UNION have each agreed to treat all pre-bankruptcy debt reporting as discharged, unless furnishers provide information showing that a debt was excludable from the discharge.[1]

---

[1] *White v. Experian Info Solutions, Inc.,* Case No. CV 05-01070 (C.D. Cal. Aug. 19, 2008).

25. None of the creditors in the Bankruptcy filed any proceedings to declare their debt "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

26. None of the creditors requested relief from the "automatic stay," codified in 11 U.S.C. § 362 *et seq.,* while the Plaintiff's Bankruptcy was pending, to pursue the Plaintiff on any personal liability for any of the underlying Debts.

27. Accordingly, all debts at issue in this action were included and discharged through the Bankruptcy.

## THE BANK OF AMERICA ACCOUNT

28. In Plaintiff's credit report dated December 12, 2016, EQUIFAX reported Plaintiff's Bank of America Account, No.: 4313-XXXX-XXXX-XXXX with "Balance Amount" of $17,362, a "Past Due" amount of $2,627, and an "Account Status" of in "Collection."

29. By reporting Plaintiff's account with a "Balance Amount" of $17,362, a "Past Due" amount of $2,627, and an "Account Status" of in "Collection" after September 6, 2016, EQUIFAX inaccurately reported a debt that had been discharged in Bankruptcy, and therefore EQUIFAX violated 15 U.S.C. § 1681e(b) by failing to maintain procedures to ensure the "maximum possible accuracy of the information" contained in a consumer's credit report.

## THE METRO COLLECTION ACCOUNT

30. In Plaintiff's credit report dated April 20, 2016, TRANS UNION reported Plaintiff's Metro Collection Account No.: 1906-XXXX-XXXX as "Open" with an "Account Status" of in "Collection."

31. By reporting Plaintiff's account as "Open" with an "Account Status" of in "Collection" after September 6, 2016, TRANS UNION inaccurately reported a debt that had been discharged in Bankruptcy, and therefore TRANS UNION violated 15 U.S.C. § 1681e(b) by failing to maintain procedures to ensure the "maximum possible accuracy of the information" contained in a consumer's credit report.

32. In Plaintiff's credit report dated April 20, 2016, EXPERIAN reported Plaintiff's Metro Collection Account No.: 1906-XXXX-XXXX as in "Collection" with a "Status" of "Open."

33. By reporting Plaintiff's account as in "Collection" with a "Status" of "Open" after September 6, 2016, EXPERIAN inaccurately reported a debt that had been discharged in Bankruptcy, and therefore EXPERIAN violated 15 U.S.C. § 1681e(b) by failing to maintain procedures to ensure the "maximum possible accuracy of the information" contained in a consumer's credit report.

34. The forgoing instances of Defendants reporting false, inaccurate, and incomplete credit information described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's attempt for a "fresh start" with respect to his credit. As a result of Defendant's conduct, Plaintiff has suffered damages by mental and emotional pain and anguish, and humiliation and embarrassment. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory reporting, without success.

## FIRST CAUSE OF ACTION FOR WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq*.

37. As a result of each and every willful violation of the FCRA, Plaintiff is

entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, from each defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq*.

40. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such causes of action stated against each Defendant, as follows:

- As a result of Defendants' willful violations of 15 U.S.C. § 1681, *et seq*., an award of actual damages, in an amount to be determined at trial, or statutory damages of not less than $100 and not more than $1,000, from each defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); an award of punitive damages, as the Court may allow, pursuant to 15 U.S.C. 1681n(a)(3); and an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3);

- As a result of Defendants' negligent violations of 15 U.S.C. § 1681, *et seq*., an award of actual damages, in an amount to be determined at trial,

pursuant to 15 U.S.C. § 1681o(a)(1); and an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(1);

- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful credit reporting practices stated herein; and
- Any and all other relief that this Court deems just and proper.

Dated: December 19, 2016                Respectfully submitted,

**SINNETT LAW, APC.**

BY: /S/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

41. Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 19, 2016                Respectfully submitted,

**SINNETT LAW, APC.**

BY: /S/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF